SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JAMES A. KILCUP, OSB #173891**
Assistant United States Attorney
James.Kilcup@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00072-SI** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MARVIN YAHIR IZAGUIRRE-VARELA,** | |
| **Defendant.** | |

### I.      Introduction

Defendant transported a kilogram of fentanyl into Portland on an Amtrak train.

Defendant should receive the 24-month sentence jointly recommended by defendant and the

United States.

### II.      Factual Background

*Offense Conduct*. On February 18, 2026, Portland police officers received a tip from

Amtrak police identifying defendant as a suspicious passenger on a Portland-bound Amtrak

**Government's Sentencing Memorandum**                                                          **Page 1**

train. (PSR ¶ 16). The Portland police officers observed defendant as he exited the train and entered the train station. (PSR ¶ 17). There, the officers asked defendant if a police K-9 could sniff his bag. (*Id.*) He consented. (*Id.*) The K-9 alerted to the presence of controlled substances inside the bag. (*Id.*) Officers asked if they could search defendant's bag and he consented. (*Id.*)

The officers found approximately 1.1 gross kilograms of fentanyl inside defendant's bag. (PSR ¶ 18).



*Figure 1 Image of fentanyl found in defendant's bag (Izaguirre_0000025).*

Defendant was arrested without incident and admitted that he was transporting the drugs for sale in Portland. (*Id.*).

*The Charges and Plea Agreement*. On March 18, 2026, defendant was charged in a single-count indictment of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). (ECF 10). On May 11, 2026, defendant pled guilty to that charge. (ECF 18, 19, 20).

**Government's Sentencing Memorandum** **Page 2**

Under the parties' plea agreement, defendant and the United States agreed that defendant's base offense level was likely 30. (ECF 19 § 7). The parties agreed that defendant meets the criteria for a three-level minor participant downward adjustment under USSG §3B1.2 and agreed to recommend a three-level reduction on that basis. (*Id*. § 8). The United States agreed to recommend a three-level downward adjustment for acceptance of responsibility under USSG §3E1.1, so long as the defendant continued to demonstrate acceptance of responsibility. (*Id*. § 9). The parties' agreement also contemplated that defendant would qualify as a zero-point offender, and the parties agreed to recommend a two-level downward adjustment under USSG §4C1.1. (*Id*. § 10-11).

The parties also agreed to recommend a four-level downward variance to reflect defendant taking responsibility prior to the first trial setting. (*Id*. § 13). The parties jointly recommended a 24-month sentence, to be followed by five years of supervised release. (*Id*. § 10).

### III.    The Guidelines and the PSR

The United States has no objection to the guidelines calculation performed in the PSR.

### IV.    The United States' Recommended Sentence

In the parties' plea agreement, the parties agreed to jointly recommend a 24-month sentence. That recommendation was the low-end of the applicable guidelines based on the criminal history reports available at the time, which did not show any felony convictions. In preparing the PSR, U.S. Probation discovered that defendant had a prior felony conviction. (PSR ¶¶ 10 n.1, 35).

Notwithstanding that additional information, the United States continues to recommend the 24-month sentence contemplated in the parties' plea agreement. The United States makes that recommendation to reflect mitigation under 18 U.S.C. § 3553(a)(1).

The chart below shows the United States' position, including its recommended variances:

| Offense Level, Adjustments, Variances | Government's Position |
|---|---|
| Base—USSG §2D1.1 | 30 (not contested) |
| Adjustment for Safety Valve—USSG §2D1.1(b)(18) | -2 (not contested) |
| Adjustment for Role in the Offense—USSG §3B1.2(b) | -3 (not contested) |
| Acceptance of Responsibility—USSG §3E1.1(a) | -2 (not contested) |
| Acceptance of Responsibility—USSG §3E1.1(b) | -1 (not contested) |
| **Total Offense Level** | **22** |
| Variance—18 U.S.C. § 3553(a) for early resolution | -4 (not contested) |
| Variance—18 U.S.C. § 3553(a) for mitigation | -2[1] |
| **Post-Variance Offense Level** | **16** |
| **Resulting Guideline Range** | **24-30 months** |

This sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a). It appropriately reflects the seriousness of the offense, promotes respect for the law, and ensures that others will be dissuaded from engaging in similar conduct.

The recommended sentence reflects defendant's acceptance of responsibility prior to the first trial setting. It also considers mitigating factors related to the history and characteristics of

---

[1] U.S. Probation's Sentencing Recommendation does not support this downward variance of two months.

**Government's Sentencing Memorandum**                                         **Page 4**

the defendant. The government notes as mitigating factors defendant being raised in poverty in Honduras, his limited education, and reported opioid use disorder.

**V.        Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 24 months, to be followed by a five year term of supervised release subject to the conditions of supervision recommended in the PSR.

Dated: July 29, 2026                                        Respectfully submitted,

                                                            SCOTT E. BRADFORD
                                                            United States Attorney


                                                            */s/ James A. Kilcup*
                                                            JAMES A. KILCUP, OSB #173891
                                                            Assistant United States Attorney

**Government's Sentencing Memorandum**                                        **Page 5**